Kevin JANDA; Manjit Singh, on behalf of themselves and all others similarly situated and as private attorneys general on behalf of the members of the general public residing within the State of California, Plaintiffs—Appellees,

v.

T–MOBILE USA, INC., Defendant—Appellant.

No. 06–15712.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2008.*

Filed Feb. 25, 2008.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David E. Breskin, Esq., Alex Jay Rose, Esq., Daniel F. Johnson, Short Cressman & Burgess, PLLC, Seattle, WA, William W. Houck, Esq., Houck Law Firm PS, Issaquah, WA, Hunter Pyle, Esq., Sundeen Salinas & Pyle, Oakland, CA, for Plaintiffs–Appellees.

Joseph E. Addiego, III, Davis Wright Tremaine, LLP, San Francisco, CA, Stephen M. Rummage, Esq., Bradley L. Fisher, Esq., Davis Wright & Tremaine, LLP, Seattle, WA, for Defendant–Appellant.

Before: D.W. NELSON and HAWKINS, Circuit Judges, and TIMLIN,** Senior District Judge.

## MEMORANDUM ***

T–Mobile USA, Inc.'s ("T–Mobile") arbitration agreement, which requires customers to waive class action and bring claims only in an individual capacity, is not substantively distinguishable from the Cingular arbitration agreement we held unconscionable in *Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976 (9th Cir.2007). *See also Lowden v. T–Mobile*, 512 F.3d 1213 (9th Cir.2008).

Even though T–Mobile's customers may have accepted the arrangement from the outset (rather than seeking another service provider), this court specifically rejected the "marketplace alternatives" rationale in *Shroyer*, 498 F.3d at 985–86, and California courts have done the same, *Gatton v. T–Mobile USA, Inc.*, 152 Cal.App.4th 571, 582–85, 61 Cal.Rptr.3d 344 (2007). *Shroyer* also expressly and conclusively rejected the argument that California law on this issue is preempted by the Federal Arbitration Act. *Shroyer*, 498 F.3d at 987–93. We therefore affirm the district court's denial of T–Mobile's motion to dismiss the action and to compel arbitration.[1]

AFFIRMED.

---

** The Honorable Robert J. Timlin, Senior United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. T–Mobile asks us to further rule that plaintiff Singh *must* proceed in court; however, this issue is not before us at this time, as Singh does not currently seek to proceed in arbitration proceedings (and affirmatively disavows any interest in doing so).

Similarly, because the arbitration clauses are substantively and procedurally unconscionable under *Shroyer*, we need not address T–Mobile's arguments regarding the additional provisions the district court found objectionable in Singh's arbitration agreement.